[Cite as *State v. Dalton*, 2012-Ohio-3716.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                                    :

    Plaintiff-Appellee                          :          C.A. CASE NO.    24670

v.                                               :          T.C. NO.    10CRB908

CYNTHIA E. DALTON                                :            (Criminal appeal from
                                                               Municipal Court)

    Defendant-Appellant                         :

                                                 :

. . . . . . . . . .

**O P I N I O N**

Rendered on the ___17th___ day of ___August___, 2012.

. . . . . . . . . .

THOMAS SCHIFF, Atty. Reg. No. 0039881, Prosecuting Attorney, 500 Lincoln Park Blvd.,
Suite 216, Kettering, Ohio 45429
       Attorney for Plaintiff-Appellee

J.C. SHEW, Atty. Reg. No. 0001688 and MATTHEW T. DIXON, Atty. Reg. No. 0084484,
46 E. Market Street, Germantown, Ohio 45327
       Attorneys for Defendant-Appellant

. . . . . . . . . .

FROELICH, J.

    **{¶ 1}**    Cynthia E. Dalton was convicted of assault, a first degree misdemeanor,

after a bench trial in the Miamisburg Municipal Court. The trial court sentenced her to 180 days in jail, which was suspended on the condition that she be placed on house arrest with work release. Dalton was barred from Laff's Bar and Grille (the location of the assault) for one year and was placed on one year of probation, during which she was to have no contact with the complainant.

{¶ 2} Dalton appeals from her conviction, claiming that her conviction was based on insufficient evidence and was against the manifest weight of the evidence.

{¶ 3} An argument based on the sufficiency of the evidence challenges whether the State presented adequate evidence on each element of the offense to allow the case to go to the jury or to sustain the verdict as a matter of law. *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1999). "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

{¶ 4} In contrast, "a weight of the evidence argument challenges the believability of the evidence and asks which of the competing inferences suggested by the evidence is more believable or persuasive." *State v. Wilson*, 2d Dist. Montgomery No. 22581, 2009-Ohio-525, ¶ 12. When evaluating whether a conviction is contrary to the manifest weight of the evidence, the appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider witness credibility, and determine whether, in resolving conflicts in the evidence, the trier of fact "clearly lost its way and created such a

manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."

*State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997), quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983); *State v. Elmore*, 111 Ohio St.3d 515, 2006-Ohio-6207, 857 N.E.2d 547, ¶ 44.

{¶ 5}     Because the trier of fact sees and hears the witnesses at trial, we must defer to the factfinder's decisions whether, and to what extent, to credit the testimony of particular witnesses. *State v. Lawson*, 2d Dist. Montgomery No. 16288, 1997 WL 476684, *4 (Aug. 22, 1997). However, we may determine which of several competing inferences suggested by the evidence should be preferred. *Id.*

{¶ 6}     The fact that the evidence is subject to different interpretations does not render the conviction against the manifest weight of the evidence. *Wilson* at ¶ 14. A judgment of conviction should be reversed as being against the manifest weight of the evidence only in exceptional circumstances. *Martin* at 175.

{¶ 7}     Ellen and Mike Sizemore and Germantown Police Officer John Rieder testified for the State in its case-in-chief. Their testimony established the following facts:

{¶ 8}     At approximately 11:30 p.m. on February 27, 2010, Ellen and Mike Sizemore[1] met a neighbor at Laff's Bar and Grille in Germantown. The three sat at the bar, near the middle. The neighbor left, and around midnight, Chaz Sizemore, Ellen's biological son and Mike's adopted son, arrived and sat with down with them. Chaz's biological father is Rick Boyer.

{¶ 9}     Dalton, who was Boyer's sister and Chaz's biological aunt, approached

---

[1] For sake of clarity, we will refer to the Sizemores by their first names.

Chaz and began to talk to him at the bar. When Ellen asked Dalton to leave them alone, Dalton got "real loud with" Ellen and called her "a bitch" and "piece of shit." Dalton complained that Ellen had told Chaz untrue stories about her (Dalton) and Boyer. Mike described Dalton as "very belligerent, slurring, seemed to be very intoxicated." Ellen told Mike, "Let's leave," and Dalton continued to curse at them as they paid their tab. Tracy Lindsey, who was Boyer's girlfriend and was sitting at the end of the bar, also asked the Sizemores to leave.

{¶ 10}   When the Sizemores neared the front door, Dalton grabbed Ellen's hair and pulled it back. In doing so, Dalton ripped Ellen's earring out of her right ear. Mike pushed Dalton away and the couple went outside.

{¶ 11}   While the Sizemores stood outside, Dalton came out of Laff's, went around Mike, and attacked the left side of Ellen's face. Photographs of Ellen's face showed scratches above and below her left eye; Ellen also testified that the vision in her left eye worsened from 20/40 to 20/400 as a result of Dalton's actions. Mike pushed Dalton away again. At that point, another woman, Courtney Morales, ran up behind Ellen and grabbed her hair. Michael pushed Courtney backward, and Dalton tried to hit Ellen again. Dalton was yelling, "I will kill you, bitch."

{¶ 12}   Chaz came over and yelled at Dalton and Morales to get off of his mother. Mike was then able to get Ellen to their car. Ellen told Mike that Dalton had taken her purse, and Mike went into Laff's to try to find it. Ellen then saw a police cruiser, and she flagged down Officer Rieder and Detective Kirk Bell. Officer Rieder described Ellen as "very animated and upset."

**{¶ 13}** Ellen told Officer Rieder that she wanted to press charges against Dalton for assault, and Rieder could see that Ellen had injuries to her left cheek. Rieder observed Dalton walking very angrily toward Ellen, yelling insults. Rieder ordered Dalton several times to stop and stay on the sidewalk, however Dalton kept trying to get around the officer and get to Ellen. Detective Bell testified in rebuttal that Dalton was "wild" and "cursing."

**{¶ 14}** Rieder eventually tried to arrest Dalton, but Dalton "would just not listen to me [Rieder] at all." Dalton was eventually taken to the police station. Officer Rieder testified that Dalton had slurred speech, bloodshot eyes, and a strong odor of an alcoholic beverage on her breath; he believed that she was heavily intoxicated.

**{¶ 15}** During his rebuttal testimony, Rieder testified that Dalton was uncooperative when the officer tried to take her fingerprints and mug shot at the police station. He stated that Dalton refused to allow him to roll her fingerprints and intentionally smeared the ink around the desk. Dalton also refused to open her eyes and look at the camera for her mug shot.

**{¶ 16}** Dalton testified on her own behalf and offered the testimony of six additional witnesses in her defense. According to Dalton, on February 27, 2010, she met several members of her family for dinner at El Rancho Grande to celebrate Boyer's birthday, and then the group went to Eagles to hear a band and finally to Laff's Bar and Grille, arriving at the bar around 12:30 a.m. Dalton stated that she drank two rum and cokes at Eagles, but did not otherwise drink that night; she denied that she was intoxicated.

**{¶ 17}** After Dalton's nieces (Chaz's biological sisters) pointed out that Chaz was there, Dalton went over to the bar to say hello. Ellen came up and said to Mike, "I guess we

will have to leave." Dalton responded that they should not leave on her account. Ellen then told Dalton to leave her family alone. The women began to argue about Dalton's talking with Chaz, and the bartender told them to "shut up or get out." After the bartender repeated that they needed to leave, the Sizemores left and, while at the door, Ellen challenged Dalton to come outside. Lindsey told Dalton that she needed to leave, too, and Dalton told her that she was getting her coat first. Dalton denied that there was any physical contact between Ellen and her while they were inside Laff's.

{¶ 18} Dalton testified that Ellen was yelling at Lindsey when she got outside. Dalton told Ellen that she was not the only one who had been kicked out, and Ellen responded that Dalton was "always causing f***ing trouble." The women began to argue again. When someone told Dalton that she needed to "shut up," Dalton turned and Ellen grabbed Dalton's hair. Dalton tried to grabbed Ellen's hand and press it toward her head in order to protect her (Dalton's) hair. As she yelled at Ellen to get off, Dalton was hit by Mike and shoved into the street; Ellen landed on her hands and knees. Someone helped Dalton up and walked her back into Laff's.

{¶ 19} While Dalton sat at an empty table, someone came into the bar and reported that Ellen was going to call the police because Dalton had stolen her purse. Dalton went back outside and heard Ellen screaming and yelling. When Ellen saw her, Ellen started yelling at Dalton, "Where's my f***ing purse?" Dalton repeatedly told Ellen that she did not have her purse, and Dalton began to walk away toward El Rancho Grande, which was next door. At that point, the police pulled up, and Ellen told the officers that Dalton had stolen her purse and hit her.

{¶ 20}  Dalton testified that she kept trying to talk to Detective Bell, who was near Ellen, so that she could tell him what had happened.  Dalton denied that she was trying to assault Ellen when she failed to follow Officer Rieder's instruction.

{¶ 21}  Several of Dalton's witnesses corroborated that Ellen and Dalton had argued inside Laff's and that they had been asked to leave by Sierra Wright (the bartender) and again by Lindsey, who was a part-time employee at Laff's (as well as Boyer's girlfriend). Wright, Lindsey, and Audrey Blankenship testified that they did not see a physical altercation between Ellen and Dalton inside Laff's.  However, Morales, whose mother was a friend of Dalton, testified that Dalton had grabbed Ellen from behind as they were leaving Laff's and that she (Morales) had tried to stop Dalton.

{¶ 22}  Several witnesses also testified that Ellen and Dalton had argued outside of Laff's and that there was a physical altercation between them.  Defense witnesses described Ellen as yelling and screaming, and Lindsay and Morales both indicated that Dalton had been shoved onto her hands and knees.  Morales further testified that, after she saw Dalton get thrown to the ground, she ran up and hit Ellen in the back of her head; Morales later pled no contest to assault based on this incident.  Morales denied causing Ellen's injuries.

{¶ 23}  In its May 6, 2011 judgment entry, the trial court made the following findings:

> The State of Ohio presented Officers Bell and Reeder [sic].  Both testified they arrived on the scene at Laff's Bar and Grille pursuant to dispatch.  When they arrived they saw the Defendant, Cynthia Dalton, was attempting to attack the victim in this case, Ellen Sizemore.  The officers

testified that the Defendant had to be restrained on two occasions from assaulting the victim. The officers further testified that in their opinion, the Defendant was highly intoxicated. She had bloodshot eyes, slurred speech, she was unsteady on her feet, called the officers names and created problems at the police department by not cooperating and by smearing ink on the desk. The officers further testified that she was very angry and was yelling obscenities.

The Court finds that Officer Bell's and Officer Reeder's testimony were credible with respect to the conditions and actions of the Defendant once they arrived.

The victim, Ellen Sizemore, testified that she had been assaulted by the Defendant, Cynthia Dalton, and that she had a permanent eye injury. However, the victim in this case presented no medical testimony or medical evidence that she had a permanent eye injury and therefore the Court cannot determine the severity of the injuries that were actually caused by the incident that arose at Laff's Bar and Grille. However, the victim was injured.

The Court finds the basic testimony of Ellen Sizemore to be credible although it must be said that it is clear that both the Defendant and Mrs. Sizemore were egging each other on while in the bar and were in a slight verbal confrontation before Ellen Sizemore attempted to leave the bar.

Ellen Sizemore and her husband were ordered to leave the bar by one of the bartenders. The most credible witness in this case was Cindy Morales

who had previously pled guilty to Assault for striking Ellen Sizemore outside the bar. Ms. Morales, who was a witness for the Defendant, testified that there was a verbal altercation inside and when Ellen Sizemore attempted to leave through the door, the Defendant, Cythnia Dalton, attempted to grab hold of Mrs. Dalton and held her back the best she could but lost her grip. When she lost her grip, the Defendant reached Ellen Sizemore and a fight began.

It is clear from the testimony that the Defendant precipitated an assault upon the victim which caused physical harm to Ellen Sizemore. The State has proven the assault beyond a reasonable doubt. Had the Defendant not gone after the victim as she was leaving, there never would have been a fight and there would have been no injuries to the victim. The Defendant is found guilty of Assault.

{¶ 24} Upon review of the record, the State presented sufficient evidence to support Dalton's conviction. The Sizemores' testimony, if believed, established that Dalton grabbed Ellen from behind and tore out Ellen's earring as the Sizemores were trying to leave the bar, causing injury to Ellen's right ear. Their testimony, if believed, also supported a reasonable conclusion that Dalton again attacked Ellen outside of Laff's, causing injuries to Ellen's left eye and the left side of her face. The injuries to Ellen's right ear and left cheek were corroborated by photographs. Dalton's conviction for assault was not based on insufficient evidence.

{¶ 25} Dalton also claims that her conviction was against the manifest weight of the

evidence. The trial court was presented with two conflicting versions of events – one which identified Dalton as the aggressor and one which identified Ellen as such. The Sizemores' testimony that Dalton had attacked Ellen from behind as they were leaving Laff's was corroborated by Morales. On the other hand, other defense witnesses testified that there was no physical altercation inside Laff's or that Dalton was not near the Sizemores as they left. Similarly, there was conflicting testimony as to which individual initiated the fight outside, whether Dalton had remained outside after being asked by Wright and Lindsey to leave Laff's Bar and Grille, and the nature of Dalton's behavior before and after the police arrived. As stated above, it was the province of the trial court, as the trier of fact, to weigh the evidence and assess the credibility of the witnesses. Although the trial court could have reasonably believed Dalton's version of events, the trial court's decision to credit testimony that Dalton had attacked Ellen and started the fight, which caused Ellen's injuries, was not against the manifest weight of the evidence.

{¶ 26} Dalton's assignments of error are overruled.

{¶ 27} The trial court's judgment will be affirmed.

. . . . . . . . . .

FAIN, J. and DONOVAN, J., concur.

Copies mailed to:

Thomas Schiff
J.C. Shew
Matthew T. Dixon
Hon. Robert W. Rettich, III
Hon. Rupert E. Ruppert, Visiting Judge